UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MARY AUGUSTINOVICH,<br>*Plaintiff*<br><br>v.<br><br>HOME DEPOT U.S.A., INC.,<br>THE HOME DEPOT, INC.,<br>THE HOME DEPOT, and<br>RICHARD STEINBACH,<br>*Defendants* | §<br>§<br>§<br>§<br>§   Case No. 1-20-CV-1233-RP<br>§<br>§<br>§<br>§<br>§ |

**O R D E R**

Before the Court are Plaintiff's Objections to Defendant's Deposition by Written Questions and Motion to Quash Questions 18-22, filed January 19, 2021 (Dkt. 12); Plaintiff's Motion for Protective Order Regarding Defendant's Depositions on Written Questions to Plaintiff's Medical Care Providers, filed January 22, 2021 (Dkt. 15); and the associated response briefs. The District Court referred the motions to the undersigned for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I.   General Background

Plaintiff Mary Augustinovich, an Arizona resident, alleges that she was injured at a Home Depot store in Georgetown, Texas on November 24, 2018 after a display of flashlights fell against her, causing her to suffer "personal injuries including a left thumb injury that required multiple surgeries, therapies, immobilizations, as well as abrasions to her right thigh." Dkt. 1-2 ¶ 7.1. On December 12, 2020, Plaintiff filed this negligence case in state court against Home Depot U.S.A Inc. ("Home Depot") and store manager Richard Steinbach. Plaintiff seeks between $250,000 and $1 million in monetary damages for alleged past and future pain and suffering, mental suffering,

1

loss of enjoyment of life, and disfigurement. Dkt. 1-2. On December 21, 2020, Home Depot removed the case to federal court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1446(a). After Home Depot served Plaintiff with Notices of Intent to take Depositions by Written Questions, Plaintiff filed her Motion to Quash and Motion for Protective Order.

## II.  Legal Standards

Federal Rule of Civil Procedure 26(b)(1) provides that: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." The scope of discovery is broad. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* (quoting *Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 820 (5th Cir. 2004)). When a party withholds information otherwise discoverable by claiming that the information is privileged, the party must: "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." FED. R. CIV. P. 26(b)(5)(A).

After a party has attempted in good faith to obtain discovery without court action, that party may move for an order compelling disclosure or discovery. FED. R. CIV. P. 37(a)(1). The party resisting discovery must show how each discovery request is not relevant or otherwise objectionable. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). "The Court must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party." *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003). "A trial court enjoys wide discretion in determining the scope and effect of discovery." *Sanders v. Shell Oil Co.*, 678 F.2d 614, 618 (5th Cir. 1982).

### III.     Analysis and Conclusions

**A. Plaintiff's Motion to Quash**

Plaintiff argues that Home Depot's Written Questions 18-22 "inappropriately ask the custodians for information about their 'medical education, background, or expertise in the diagnosis of medical conditions.'" Dkt. 12 at 1. Plaintiff argues that these questions are not relevant, circumvent Texas law, and are overly broad, unduly burdensome, and harassing. Relying on TEX. CIV. PRAC. & REM. CODE § 18.001,[1] Plaintiff contends that "Texas law does not require the billing records custodians of medical care providers to have any particular training, medical education, background or expertise to sign an affidavit that medical treatment was necessary and the charges for such treatment were reasonable in amount." *Id.* at 2.

Federal courts sitting in diversity, however, apply state substantive law and federal procedural law. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)). Accordingly, Plaintiff's reliance on § 18.001 is misplaced. *See, e.g.*, *Miley v. MMM Freight Corp.*, No. 6:19-CV-00285-ADA-JCM, 2020 WL 5468828, at *3 (W.D. Tex. June 10, 2020) (holding that "Section 18.001 is inapplicable in the federal forum"); *Parker v. Sheila*, No. A-19-CV-00017-RP, 2020 WL 1669647, at *2 (W.D. Tex. Apr. 3, 2020) (finding that § 18.001 is procedural rule inapplicable in federal diversity cases); *Akpan v. United States*, No. CV H-16-2981, 2018 WL 398229, at *3 (S.D. Tex. Jan. 12, 2018) (same).

---

[1] TEX. CIV. PRAC. & REM. CODE § 18.001(b) provides that "an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary." Texas courts have recognized that § 18.001 streamlines proof and "provides a significant savings of time and cost to litigants, particularly personal injury litigants, by providing a means to prove up the reasonableness and necessity of medical expenses." *Turner v. Peril*, 50 S.W.3d 742, 746 (Tex. App.—Dallas 2001, pet. denied); *see also Haygood v. De Escabedo*, 356 S.W.3d 390, 397 (Tex. 2011).

Moreover, the Court finds that Questions 18-22 seek relevant and discoverable information. Plaintiff put the custodian of records' training, medical education, and background in issue by having those custodians sign affidavits stating that "the medical treatment or services were necessary and the amount charged for the services was reasonable at the time and place that the services were provided." Dkt. 21 at 1-2. Accordingly, the Court finds that Questions 18-22 are proper discovery requests. *See Galaviz v. C.R. England Inc.*, No. A-12-MC-82 LY, 2012 WL 1313301, at *3 (W.D. Tex. Apr. 17, 2012) (finding that similar discovery requests were proper).

Based on the foregoing, the Court **DENIES** Plaintiff's Objections to Defendants' Deposition by Written Questions and Motion to Quash Questions 18-22 (Dkt. 12).

### B. Plaintiff's Motion for Protective Order

As noted, Plaintiff alleges that as a result of Defendants' negligence, she has suffered injuries to her left thumb and right thigh. Plaintiff alleges that she has incurred medical expenses for the evaluation and treatment of her injuries, and seeks between $250,000 and $1 million in damages.

Plaintiff filed her Motion for Protective Order after Defendants subpoenaed Plaintiff's medical records from her medical providers. Plaintiff argues that Defendants do not have a right to unfettered access to her privileged medical records. She proposes that

> all the medical and billing records gathered by the records copy service first be provided to Plaintiff's attorneys, that the Plaintiff's attorney have up to 15 business days to review the records and redact the unrelated privileged information, that the records not in dispute would be given to the Defendant with a privilege log, and that the records in dispute would be submitted under seal to the Court upon request by Defendant.

Dkt. 15 at 12.

Under Texas law, confidential communications between a physician and patient generally are privileged and may not be disclosed. *In re Collins*, 286 S.W.3d 911, 916 (Tex. 2009). The physician-patient privilege is intended to facilitate full communication between patients and their

physicians and to prevent disclosure of personal information to third parties. *See R.K. v. Ramirez*, 887 S.W.2d 836, 840 (Tex. 1994). This privilege is limited by certain exceptions, including a "litigation exception," which applies when "any party relies on the patient's physical, mental, or emotional condition as part of the party's claim or defense and the communication or record is relevant to that condition." TEX. R. EVID. 509(e)(4).

Plaintiff put her medical condition at issue when she filed this personal injury suit seeking damages for past and future medical treatment, past and future pain and mental suffering, physical disfigurement, past and future impairment, and loss of past and future earning capacity. Therefore, the litigation exception applies, and Plaintiff has waived her right to protect her medical records.

Accordingly, Plaintiff's Motion asking the Court to issue Plaintiff's Proposed Protective Order (Dkt. 17) is **DENIED**. The Court agrees with Defendants that the Western District of Texas standard confidentiality and protective order will adequately protect Plaintiff's privacy concerns and will issue the standard order.

**IT IS FURTHER ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

**SIGNED** on February 2, 2021.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE