UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MARY AUGUSTINOVICH, *Plaintiff* | § § § | |
| v. | § § | Case No. 1-20-CV-1233-RP |
| HOME DEPOT U.S.A., INC., THE HOME DEPOT, INC., THE HOME DEPOT, and RICHARD STEINBACH, *Defendants* | § § § § § | |

**O R D E R**

Before the Court is Defendant Home Depot U.S.A., Inc.'s Motion to Quash Subpoena of Richard Steinbach (Dkt. 34) and Plaintiff's Response (Dkt. 35), both filed on January 14, 2022. On January 19, 2022, the District Court referred the motion to the undersigned Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

Defendant states that Plaintiff noticed a deposition for February 14, 2022, and that:

> This notice was issued without Counsel for Defendant agreeing to the time and date for the depositions. We are working on the availability but cannot confirm his availability until Wednesday of next week. Out of an abundance of caution, this Motion to Quash has been filed.

Dkt. 34 at 2. Plaintiff responds by stating what appears to the Court to be obvious: that "there is no need for Court intervention or order." Dkt. 35 at 1. Plaintiff submits an email counsel sent the day before Defendant filed its motion, stating that she would notice the deposition "with the understanding that if [the witness] is not available that date (since I have not yet heard back) that we will promptly work on a new date, to be held in the very near future, by agreement." *Id.* at 5.

1

Glaringly lacking from Defendant's motion is the certificate of conference required by this Court's Local Rules and by Federal Rule of Civil Procedure 26(c)(1), which requires a party moving for a protective order to certify that the movant "has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Similarly, Local Rule CV-7(g) provides, in pertinent part:

> **Conference Required.** The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement and certifies the specific reason that no agreement could be made. . . . Movants are encouraged to indicate in the title of the motion whether the motion is opposed.

Defendant's motion perfectly illustrates the reason for these rules. Rather than conferring with opposing counsel in good faith on a matter so simple as scheduling a deposition, Defendant opted instead to consume the Court's scarce resources.

Defendant is urged in the strongest terms to avoid a repeat failure to comply with the Federal Rules of Civil Procedure and the Local Rules and admonished of its obligation to attempt to resolve discovery issues promptly and amicably. *Collins v. Easynews, Inc.*, No. A-06-CA-451-LY, 2007 WL 9701619, at *2 (W.D. Tex. May 17, 2007); *see also, e.g.*, FED. R. CIV. P. 1 (stating that rules should be employed by court and parties "to secure the just, speedy, and inexpensive determination of every action and proceeding"); *McCallum v. Camping World, Inc.*, No. SA-19-cv-01021-OLG, 2019 WL 9197839, at *1 n.1 (W.D. Tex. Dec. 17, 2019) (Garcia, C.J.) (explaining "good faith" requirement of former Local Rule CV-7(i)).

Defendant Home Depot U.S.A., Inc.'s Motion to Quash Subpoena of Richard Steinbach (Dkt. 34) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

**SIGNED** on January 20, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE